**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CIVIL DIVISION
IN ADMIRALTY

CASE NO.:_____

**WRAY CERASOLI ASSOCIATES**
**MARINE LLC**, a Florida limited liability
company,

      Plaintiff,

vs.

**PAVEL TOMSA** dba **PRESTIGE WORLD**
**CAR & BOAT, INC.**, a Florida profit corporation,
an individual, and **JUSTIN RABB**, an individual,

      Defendants.

_____/

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff, WRAY CERASOLI ASSOCIATES MARINE LLC, by and through undersigned

counsel, and pursuant to Fed. R. Civ. P. 9(h), hereby files this Verified Complaint in Admiralty

seeking removal of an improper maritime lien, declaratory relief and damages, and states:

### PARTIES, JURISDICTION, AND VENUE

1.      This is a case within the Court's Admiralty and Maritime jurisdiction under Article

III, Section 2 of the U.S. Constitution. This Court has jurisdiction over this matter pursuant to 28

USC §1333, 28 USC 1331, and general maritime law.

2.      This Court additionally has jurisdiction over Plaintiff's claims hereunder. 46 USC

§31343(c)(2) provides for an action in Admiralty to declare that a vessel is not subject to a lien

claimed under 46 USC §31343(b), or that the vessel is not subject to the notice of claim of lien, or

both, regardless of the amount in controversy or the citizenship of the parties. 28 USC §2201

provides for an action seeking declaratory judgment to resolve a case or controversy.

3.       Venue is proper in this district as: (1) the claims of lien were filed on a vessel in

this district, (2) the claims of lien were executed in Fort Lauderdale, Florida, (3) the claim of lien

was filed for crew wages allegedly incurred, in whole or in part, in this district, (4) the Plaintiff

and PRESTIGE WORLD CAR & BOAT, INC., are Florida companies doing business in Florida,

(5) Defendant, PAVEL TOMSA, is a Florida resident with a Florida driver's license, (6)

Defendant, JUSTIN RABB, was employed by Plaintiff in Florida, or is employed by PRESTIGE

WORLD CAR & BOAT, INC., in Florida, (7) Defendants worked or were employed by Plaintiff

in Florida, and (8) the vessel is regularly located in this district.

4.       Personal jurisdiction is proper as Defendants conduct or conducted business in this

district, operated a vessel in this district, harmed Plaintiff and its vessel in this district, and

allegedly incurred unpaid crew wages in this district.

5.       Plaintiff, WRAY CERASOLI ASSOCIATES MARINE LLC ("Plaintiff"), is a

Florida limited liability company licensed to do business in Florida, and is the owner of the M/Y

Delfino (the "Vessel").

6.       PRESTIGE WORLD CAR & BOAT, INC. ("Prestige"), is a Florida profit

corporation doing business in this district, and has filed a lien for crew's wages and necessaries. A

copy of that lien is attached as Exhibit "A."

7.       Defendant, PAVEL TOMSA ("Tomsa"), is the president of Prestige, or is doing

business as Prestige, and was the captain of Plaintiff's Vessel. Upon information and belief, the

lien filed by Prestige relates to work allegedly performed by Tomsa.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

8.      Defendant, JUSTIN RABB ("Rabb"), was the first mate on Plaintiff's Vessel and has filed a lien for crew's wages. A copy of that lien is attached as Exhibit "B."

## GENERAL ALLEGATIONS

9.      Plaintiff hired Tomsa to captain the Vessel, and hired Rabb to crew the Vessel.

10.     In February 2021, Defendant Tomsa was fired after being derelict in his duties as captain; however, Defendant Tomsa was thereafter reinstated as the captain of the Vessel.

11.     From his reinstatement in February 2021 through May 2021, Defendant Tomsa (1) was negligent in the maintenance and operation of the Vessel, (2) engaged in tortious interference of Plaintiff's business relationships with other crew members, and (3) filed a claim of lien for crew's wages and necessaries for which the amount is inflated and based upon fraudulent time records.

12.     Defendant Tomsa negligently maintained the Vessel by failing to complete several projects as promised in a May 2021 email, including: fixing the hot tub, fixing the washer leaks, fixing the crew air conditioning, and descaling the outside refrigerator. A copy of that email is attached hereto in Composite Exhibit "C."

13.     Additionally, Defendant Tomsa negligently supervised a boat repair where he overlooked that a critical $16,000 part was needed.

14.     Plaintiff's insurance adjuster issued a report confirming the neglect and improper oversight of Defendant Tomsa during his tenure as captain of the Vessel.

15.     The Vessel was also run aground on one or more occasions due to Tomsa's negligent operation.

16.     Defendant Tomsa also attempted to cause other members of the crew to end their employment with Plaintiff and join Tomsa's new crew on another vessel.

3

17.     Defendant Tomsa attempted to cause stewardess Amy Jackson and chef Robert Hammond to end their employment with Plaintiff.

18.     As a result of Defendant Tomsa's tortious interference, first mate Justin Rabb and chef Mercedes Kornfeld ended their employment relationship with Plaintiff.

19.     Defendant Tomsa's claim of lien, filed on behalf of Prestige, is inflated and based upon fraudulent time records because numerous tasks for which he claims unpaid wages were not actually performed.

20.     Defendant Rabb was also derelict in his duties, and confirmed in a May 24, 2021 email that "the boat was not in the proper condition a couple weeks ago." A copy of that email chain is attached hereto in Composite Exhibit "C."

21.     Defendant Rabb's claim of lien for his unpaid wages is similarly inflated and based upon fraudulent time records because numerous tasks for which he claims unpaid wages were not actually performed.

22.     On at least one occasion, Defendants Rabb and Tomsa were overheard on walkie talkies saying "let's go out on canoes, we have nothing else to do" while on duty during working hours.

23.     Similar instances of dereliction of duties by Defendant Tomsa include: (1) allowing/causing bent propellers on tender, (2) allowing/causing damaged rub rail, (3) careless hot tub repairs resulting in cracked PVC pipes, (4) failing to properly clean the exterior of the Vessel such as teaks and leather driving chairs, (5) placing the Vessel in the water after repairs were performed but before inspection by the insurance company, and (6) making derogatory oral comments about their employers including disrespectful statements and description about the Wray family.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

24.     Other crew members can attest to Defendant Tomsa's negligent, careless, and lazy operation and supervision of the Vessel, including that he would not be present at the yacht on most days which he was supposed to be working, and that, when he was present, he did not do very much work.

25.     Defendants ceased their employment with Plaintiff on or about May 26, 2021.

26.     On or about July 22, 2021, Defendants filed two claims of lien with the National Vessel Documentation Center. See Exhibits A and B herein.

27.     Defendants' dereliction of duties has caused Plaintiff to suffer damages well in excess of Defendants' lien amounts.

28.     Defendants claims of lien are improper as Defendants were aware of the damages they caused Plaintiff and the Vessel when they filed the claims of lien.

29.     As Defendants' claims of lien are improper and cloud the title to Plaintiff's Vessel, they should be removed.

## COUNT I – REMOVAL OF LIEN
### (Plaintiff vs. Prestige and Rabb)

Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

30.     This is an action to remove lien notice and claim of lien pursuant to 46 USC §31343(c)(2) on the M/Y Delfino.

31.     A claim of lien under this statute requires the lienor to make a declaration under oath that the basis for the lien and amount are true and correct.

32.     The claims of lien filed by Defendants are false in that Defendants allege to have performed work during their final weeks of employment with Plaintiff; however, that work was

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

never performed or was performed negligently, resulting in significant damages to the Vessel and Plaintiff.

33.     Defendants were aware that they caused substantial damages to Plaintiff and the Vessel in excess of their claims of lien.

34.     Upon information and belief, the claims of lien were filed in bad faith to intentionally harm Plaintiff and prevent any sale or charter of the Vessel.

35.     46 USC §31343(c)(2) provides for the recovery of attorneys' fees and costs for this action.

36.     Plaintiff has engaged the undersigned attorneys to remove the improper claim of lien and will have to pay attorneys' fees and costs for maintaining this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court declare Defendants' claims of lien to be void, or order Defendants to remove those claims of lien forthwith, and award Plaintiff's attorneys' fees and costs pursuant to 46 USC §31343(c)(2), and any other relief the Court deems just and proper.

## COUNT II – DECLARATORY RELIEF
### (Plaintiff vs. Prestige and Tomsa)

Plaintiff  realleges and reavers the allegations contained in paragraphs 1-29 as though fully set forth herein.

37.     This is an action for declaratory relief pursuant to 28 USC §2201.

38.     There exists and actual, real, and bona fide controversy between the parties regarding Prestige's right or standing to assert a maritime lien for crew's wages and necessaries.

39.     Plaintiff hired Tomsa, as the captain of Plaintiff's Vessel.

40.     Prestige is not a crew member, and is not entitled to assert a maritime lien for crew's wages.

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

41.     Prestige, a company believed to be owned by Tomsa, has no employment relationship to Plaintiff. Thus, Prestige has no right or standing to allege entitlement to a maritime lien for crew's wages and necessaries.

42.     The parties require a declaration as to Prestige's legal status in order for the Court to determine the validity of Prestige's lien under Count I herein.

43.     Plaintiff is under a real, immediate, and definite threat of injury if Prestige's invalid lien is enforced.

44.     The parties are in doubt as to Prestige's right to claim a maritime lien as a result of Tomsa's employment as a captain of the Vessel.

45.     Plaintiff and Defendants have an actual, present, adverse, and antagonistic interest in the subject matters at issue, either in fact or law.

**WHEREFORE**, Plaintiffs seek a declaratory judgment to the effect that Prestige has no right to assert a maritime lien for crew's wages and that Prestige's lien is invalid, and any other relief the Court deems just and proper.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
### (Plaintiff vs. Prestige and Tomsa)

Plaintiff realleges and reavers the allegations contained in paragraphs 1-29 as though fully set forth herein.

46.     This is an action for tortious interference with several business relationships.

47.     To state a claim for tortious interference, a Plaintiff must allege (1) a contractual, business, or prospective relationship with another party, (2) the Defendants knew about the relationship, (3) the Defendants intentionally and unjustly interfered with, or otherwise disrupted, the business relationship, and (4) damages resulted from the interference or disruption.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

48. Defendant Tomsa, through the use of oral remarks to other crew members and by offering alternate employment with Prestige, interfered with Plaintiff's business relationships with the Vessel's crew members.

49. Tomsa, on behalf of himself or Prestige, attempted to cause the Vessel's crew members to cease their employment with Plaintiff and to begin employment with himself or with Prestige.

50. Tomsa, while still employed with Plaintiff, procured a different job as captain on another vessel; however, remained as captain aboard Plaintiff's for a time in order to finish certain jobs on the Vessel before his departure. See Composite Exhibit "C" herein.

51. However, those jobs were never completed, or were completely negligently. Upon information and belief, Tomsa remained onboard Plaintiff's Vessel for a time in order to persuade additional crew members to work for himself or Prestige on a new vessel.

52. Defendant Rabb stated that Tomsa "needed to hire an entire crew for the new boat he is moving to" and that, after having spoken with Tomsa, Rabb would be resigning with Plaintiff to begin employment for Tomsa or Prestige. See Composite Exhibit "C" herein.

53. There existed a business relationship between Plaintiff and the Vessel's crew members (Rabb, Jackson, Hammond, and Kornfeld).

54. Tomsa and Prestige knew about Plaintiff's business relationships.

55. Tomsa and Prestige intentionally and unjustly interfered with, or otherwise disrupted, Plaintiff's business relationships.

56. As a result of Tomsa and Prestige's interference, Mercedes Kornfeld and Defendant Rabb ceased their employment with Plaintiff.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

57.     The general features of the type of incidents involved have a potentially disruptive impact on maritime commerce, and the general character of these activities show a substantial relationship to traditional maritime activity.

58.     Upon information and belief, Tomsa's interference occurred, in whole or mostly, while on the high seas, on navigable waters, or while docked at a marina on navigable waters.

59.     The tortious actions alleged herein, a ship captain attempting to induce fellow crew members to resign, have a potentially disruptive impact on maritime commerce.

60.     The tortious actions alleged herein are substantially related and detrimental to traditional maritime activity.

**WHEREFORE**, Plaintiff demands judgment against Prestige and Tomsa for damages resulting from Tomsa's tortious interference with Plaintiff's business relationships, and any other relief the Court deems just and proper.

## COUNT IV – NEGLIGENCE
### (Plaintiff vs. Tomsa and Rabb)

Plaintiff realleges and reavers the allegations contained in paragraphs 1-29 as though fully set forth herein.

61.     This is an action for damages resulting from Tomsa's and Rabb's dereliction of duties, negligent performance of work on Plaintiff's Vessel, and negligent operation of Plaintiff's Vessel.

62.     To state a claim for negligence, Plaintiff must allege (1) Defendants' duty, (2) Defendants' breach of duty, (3) Defendants' breach caused damages to Plaintiff, and (4) that Plaintiff suffered damages.

63.     As alleged herein, Tomsa and Rabb agreed to perform various tasks during their final months of employment. Such tasks were necessary for the operation of Plaintiff's Vessel.

9

64.     Tomsa and Rabb had a duty to actually perform such tasks, to perform such tasks in accordance with industry standard, or to oversee the performance of such tasks.

65.     Tomsa and Rabb failed to actually perform such tasks, to perform such tasks in accordance with industry standard, or to oversee the performance of such tasks.

66.     Based upon Tomsa and Rabb's breach, Plaintiff suffered damages which include, but are not limited to: (1) Tomsa and Rabb demanding payment for work not performed, (2) Plaintiff having to hire third-parties to perform the tasks which Tomsa and Rabb should have performed, (3) Plaintiff having to hire third-parties to correct the tasks which Tomsa and Rabb performed deficiently, (4) Plaintiff having to order repair parts which were overlooked by Tomsa causing delays to the Vessel's seaworthiness, and (5) the damages to Plaintiff's Vessel as a result of Tomsa's running the Vessel aground on one or more occasions.

67.     The general features of the type of incidents involved have a potentially disruptive impact on maritime commerce, and the general character of these activities show a substantial relationship to traditional maritime activity.

68.     One or more of the negligent acts alleged herein occurred while on the high seas, on navigable waters, or while docked at a marina on navigable waters.

69.     The negligent acts alleged herein have a potentially disruptive impact on maritime commerce.

70.     The tortious actions alleged herein are substantially related and detrimental to traditional maritime activity.

**WHEREFORE**, Plaintiff demands judgment against Tomsa and Rabb for damages resulting from their negligence, and any other relief the Court deems just and proper.

10

## VERIFICATION

The undersigned hereby declares under penalties of perjury, that I have read the foregoing VERIFIED COMPLAINT and that the facts stated in it are true.

**WRAY CERASOLI ASSOCIATES MARINE LLC**

DATED: December 8, 2021

Respectfully submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

By:

**DAVID P. REINER, II**; FBN 416400

11

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989